IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| SCHOLARSHIP AMERICA, INC., | ) | Civil Action No.  25-cv-4679 |
| Plaintiff, | ) ) | |
| | ) | **COMPLAINT FOR BREACH OF CONTRACT** |
| vs. | ) | **AND TRADEMARK INFRINGEMENT** |
| | ) | |
| DOLLARS FOR TUSTIN SCHOLARS, INC. | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Scholarship America, Inc.  ("Scholarship America"), by and through its counsel, brings this complaint against Dollars for Tustin Scholars, Inc. ("DTS") and alleges as follows:

<u>Jurisdiction and Venue</u>

1.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1332 and 1338(a).  This case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000. The Court also has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as the federal claims.

2.      This Court has personal jurisdiction over DTS because DTS consented to personal jurisdiction in this District through the Affiliation Agreement (defined in paragraph 17 below), which provides that DTS (and Scholarship America) "irrevocably consent and submit themselves to the personal exclusive jurisdiction of said courts [in Hennepin County, Minnesota] for all such purposes."    Additionally, DTS's acts of infringement have caused injury in this district to Scholarship America and its intellectual property rights.  Further, DTS purposefully availed itself

of the privilege of conducting business within this District by doing business with Scholarship America.

3.      Venue in this district is proper under the provisions of 28 U.S.C. §1391(b)(2) and as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Scholarship America occurred in this District by reason of DTS's conduct as alleged below.  Venue is additionally proper in this District because the Affiliation Agreement contains a valid and enforceable forum-selection clause requiring that any dispute arising out of or relating to the Affiliation Agreement be litigated exclusively in the Hennepin County, Minnesota.

<u>Parties</u>

4.      Scholarship America is a non-profit corporation organized and existing under the laws of the State of Massachusetts and having its principal place of business at One Scholarship Way, St. Peter, Minnesota 56082.

5.      DTS is a non-profit corporation organized and existing under the laws of the State of California and having its principal place of business at 2362 Sable Tree Cir., Tustin, CA 92780

<u>Scholarship America and its Trademarks</u>

6.      Scholarship America is a non-profit entity with a mission to eliminate financial barriers to educational success and ensure that outstanding students can access the resources they need for education and training.

7.      Since at least as early as April of 1960, Scholarship America has continuously granted and administered scholarships and student assistance under the DOLLARS FOR SCHOLARS trademark.

8.      In order to protect the significant goodwill it acquired in the DOLLARS FOR SCHOLARS trademark, Scholarship America filed United States Application Serial No.

72/351,751 (the "751 Application") with the United States Patent and Trademark Office (the "PTO") to register the DOLLARS FOR SCHOLARS trademark (the "Word Mark") in connection with "*creation and distribution of programs and materials serving as tools for scholarship fund raising programs and conducting scholarship fund raising programs*" in International Class 36 and "*creation and distribution of programs and materials for the administration of scholarships and administering scholarship programs*" in International Class 41.

9.      The 751 Application matured into United States Registration No. 924,012 (the "012 Registration") on November 16, 1971.  A copy of the 012 Registration is attached hereto as **Exhibit A**.

10.     Since November 16, 1971, Scholarship America has maintained the 012 Registration— which has since become incontestable—with the USPTO, and the 012 Registration remains live and active today.  Scholarship American is the owner of all right, title, and interest in and to the 012 Registration.

11.     Scholarship America also filed United States Application Serial No. 88/338,359 (the "359 Application") with the USPTO to registered the below-pictured design mark (the "Design Mark", and together with the Word Mark, the "Scholarship America Marks") in connection with "*Development and administration of educational scholarship programs and providing scholarship funds to assist people in attending schools; conducting and administering scholarship fund raising programs and distributing printed programs and materials therefor*" in International Class 36 and "*Educational services, namely, providing educational programs, tutoring, and mentoring in the areas of postsecondary educational opportunities, career exploration and development, student financial aid, college admission processes, family*

*involvement in education, and academic motivation and preparation for postsecondary education*"
in International Class 41.



12.     The 359 Application matured into United States Registration No. 6,154,292 (the
"292 Registration", and together with the "012 Registration, the "Scholarship America
Registrations").  A copy of the 292 Registration is attached hereto as **Exhibit B**.

13.     The 292 Registration remains live and active today.  Scholarship American is the
owner of all right, title, and interest in and to the 292 Registration.

14.     The services set forth in paragraphs 8 and 11 above shall be referred to as the
"Scholarship America Services".

15.     Pursuant to 15 U.S.C. §1057(b), the Scholarship America Registrations constitute
prima facie evidence of: (a) the validity of the Scholarship America Marks and of the registration
of the Scholarship America Marks; (b) Scholarship America's ownership of the Scholarship
America Marks; and (c) Scholarship America's exclusive right to use the Scholarship America
Marks in commerce on and in connection with the applicable Scholarship America Services.

16.     As a result of its registration and continuous use of the Scholarship America Marks
in the United States, the Scholarship America Marks are associated exclusively with the
Scholarship America Services.

Scholarship America and DTS

17.    Scholarship America and DTS entered into a Chapter Affiliation Agreement effective as of January 1, 2020 defining the relationship between Scholarship America and DTS (the "Affiliation Agreement").  Specifically, Scholarship America desired—via affiliates like DTS—to create "a common, readily identifiable national brand" to enhance Scholarship America's ability to grow nonprofit resources and opportunities through local and national level support.

18.    Under the terms of the Agreement, Scholarship America granted to DTS the right to use the mark and name TUSTIN DOLLARS FOR SCHOLARS and a related design (both of which incorporated the Word Mark in full) in connection with DTS's operation of a Dollars for Scholars Program under the Affiliation Agreement.

19.    On September 26, 2022, DTS informed Scholarship America that it wished to terminate its affiliation with Scholarship America Dollars for Scholars at the end of a sixth month Notice of Termination period.

DTS's Breach of the Affiliation Agreement and its Infringing Actions

20.    Upon termination, the Affiliation Agreement provided that DTS must discontinue all use of the TUSTIN DOLLARS FOR SCHOLARS designations and destroy all related branded items and promotional materials.

21.    DTS breached the Affiliation Agreement and continued to use the TUSTIN DOLLARS FOR SCHOLARS designations.

22.    Scholarship America's General Counsel Nick Leonard contacted DTS on July 23, 2023 and demanded that DTS cease and desist from using any marks confusingly similar to the Word Mark.

23. DTS thereafter indicated to Scholarship America that it would begin using the mark DOLLARS FOR TUSTIN SCHOLARS (the "Infringing Mark") in place of TUSTIN DOLLARS FOR SCHOLARS.

24. Mr. Leonard subsequently contacted counsel for DTS on November 30, 2023 and indicated that Scholarship America viewed the Infringing Mark as clearly confusing with the Scholarship America Marks and asked for a further conversation on the matter.

25. DTS never responded to Mr. Leonard's request.

26. Scholarship America, via counsel, again contacted DTS on October 20, 2025 via a formal demand letter and demanded that DTS cease and desist all use of the Infringing Mark

27. DTS acknowledged receipt of the demand letter and promised a response by November 14, 2025.

28. DTS, however, never responded.

29. DTS continues to use both the Infringing Mark and the TUSTIN DOLLARS FOR SCHOLARS designations in commerce.

30. For example, DTS consistently displays the Infringing Mark throughout its webpage <www.dollarsfortustinscholars.org> (the "Domain"):



31.    DTS also continues to use the TUSTIN DOLLARS FOR SCHOLARS designations in violation of the Affiliation Agreement.   In particular, DTS uses the designation to tout the scholarships it awards and to solicit donations on the Domain.  Examples include:





32.     Scholarship America expends significant sums each year in the protection, promotion, advertising, and enforcement of its intellectual property rights, including the Scholarship America Marks.

33.     As a result of Scholarship America's extensive and exclusive use of the Scholarship America Marks in connection with the Scholarship America Services, the Scholarship America Marks have developed significant goodwill in the United States and are extremely valuable.

34.     DTS does not have valid consent, license, approval, or other authorization to use the Scholarship America Marks (or any confusingly similar alternatives) in association with any goods, services, or commercial activities.

35.     DTS's infringement has and continues to cause significant damage to Scholarship America's rights and economic interests in the Scholarship America Marks.

36.     Upon information and belief, DTS has used the Infringing Mark with the willful intent to cause confusion and mistake and to deceive as to the affiliation, connection, or association of DTS with Scholarship America as to the origin, sponsorship, or approval of its services.

COUNT I
BREACH OF CONTRACT

37.     Scholarship America realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

38.     Under the Affiliation Agreement, DTS was to cease using the TUSTIN DOLLARS FOR SCHOLARS designations upon termination.

39.     DTS breached the Affiliation Agreement by continuing to use the TUSTIN DOLLARS FOR SCHOLARS designations subsequent to termination of the Affiliation Agreement.

40.     DTS's breaches of the Affiliation Agreement were material and were not authorized, excused, or consented to by Scholarship America.

41.     DTS's breach has irreparably harmed, and if not enjoined, will continue to irreparably harm, Scholarship America.

42.     Scholarship America is therefore entitled to specific performance under the Affiliation Agreement and/or injunctive relief compelling DTS's compliance with its post-termination obligations under the Agreement, including discontinuing use of all TUSTIN DOLLARS FOR SCHOLARS designations and destroy all related branded items and promotional materials, all because monetary damages alone cannot fully remedy the harm caused by Defendant's ongoing breach.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

43.     Scholarship America realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

44.     DTS's actions complained of above constitute use in commerce, without the consent of Scholarship America, of a reproduction, counterfeit, copy, or colorable imitation of Scholarship America 's registered Scholarship American Marks in connection with the sale, offering for sale, distribution, and advertising of goods and services on and in connection with which such use is likely to cause confusion and mistake and to deceive, all in violation of 15 U.S.C. §1114.  These violations of Scholarship America's rights have been direct, contributory, and/or vicarious.

45.     By reason of the DTS's acts, Scholarship America has suffered damage to the goodwill associated with the Scholarship America Marks.

46.    DTS's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm, Scholarship America and its long-used and federally registered Scholarship America Marks.

47.    DTS's activities have irreparably harmed, and if not enjoined, will irreparably harm, the general public who has an interest in being free from confusion, mistake, and deception.

48.    By reason of DTS's acts, Scholarship America 's remedy at law is not adequate to compensate it for the injuries inflicted by DTS and, accordingly, Scholarship America is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

49.    By reason of the DTS's willful acts, Scholarship America is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

50.    This is an exceptional case making Scholarship America eligible for an award of attorney fees under 15 U.S.C. § 1117.

COUNT III
FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTIONS, AND
UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

51.    Scholarship America realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

52.    DTS's use in commerce of the Scholarship America Marks is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of DTS with Scholarship America, and as to the origin, sponsorship, or approval of DTS's services and commercial activities, all in violation of 15 U.S.C. §1125(a).  These violations of Scholarship America s rights have been direct, contributory, and/or vicarious.

53.    By reason of DTS's acts alleged herein, Scholarship America has suffered damage to the goodwill associated with the Scholarship America Marks.

54.     DTS's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm, Scholarship America and its long-used Scholarship America Marks.

55.     DTS's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

56.     By reason of the DTS's acts, Scholarship America's remedy at law is not adequate to compensate it for the injuries inflicted by the DTS and, accordingly, Scholarship America is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

57.     By reason of DTS's willful acts, Scholarship America is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

58.     This is an exceptional case making Scholarship America eligible for an award of attorney fees under 15 U.S.C. § 1117.

COUNT IV
COMMON LAW TRADEMARK INFRINGEMENT

59.     Scholarship America realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

60.     DTS's actions complained of above are likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of DTS with Scholarship America, and as to the origin, sponsorship, or approval of DTS's services and commercial activities, thereby infringing Scholarship America's common law rights in the Scholarship America Marks.

61.     DTS's acts described above constitute trademark infringement under the common law of the State of Minnesota.

62.     By reason of DTS's acts alleged herein, Scholarship America has suffered damage to the goodwill associated with the Scholarship America Marks and has suffered irreparable harm.

63.    By reason of DTS's acts, Scholarship America's remedy at law is not adequate to compensate it for the injuries inflicted by DTS and, accordingly, Scholarship America is entitled to preliminary and permanent injunctive relief.

64.    Scholarship America is informed and believes, and on that basis alleges, that DTS's conduct has been intentional and willful and in conscious disregard of Scholarship America 's rights.

<u>REQUEST FOR RELIEF</u>

Therefore, Scholarship America respectfully requests judgment as follows:

That the Court enter a judgment that:

A.    DTS has breached the Affiliation Agreement;

B.    DTS has violated and infringed the rights of Scholarship America in the Scholarship America Marks under 15 U.S.C. § 1114;

C.    DTS has violated and infringed the rights of Scholarship America in the Scholarship America Marks under 15 U.S.C. § 1125(a);

D.    DTS has violated and infringed the rights of Scholarship America in the Scholarship America Marks under Minnesota trademark and unfair competition common law;

E.    DTS has acted willfully in causing damage to Scholarship America;

F.    DTS, its agents, representatives, employees, assigns, and all persons acting in concert or privity with DTS, be preliminary and permanently enjoined from the following activities:

1.    From using any of the TUSTIN DOLLARS FOR SCHOLARS designations;

2.    From using any of the Scholarship America Marks, or any other name, mark (including without limitation the Infringing Mark), designation, or

13

depiction in a manner that is likely to cause confusion regarding whether DTS is affiliated or associated with or sponsored by Scholarship America;

    3.    Practicing trademark infringement, unfair competition, false designation of origin, passing off, false advertising, against Scholarship America or misappropriation of Scholarship America 's trademark rights; and

    4.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs F(1)-F(3) above;

G.    DTS be ordered to deliver to Scholarship America for destruction all infringing promotional materials pursuant to 15 U.S.C. § 1118;

H.    DTS be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from DTS's unlawful acts complained of above;

I.    DTS be ordered to account to Scholarship America for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

J.    DTS be ordered to pay damages to Scholarship America, and that those damages be trebled, under 15 U.S.C. § 1117;

K.    DTS be ordered to pay Scholarship America's reasonable attorney fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117 and Minnesota common and statutory law;

L.    DTS be ordered to file with the Court and serve upon Scholarship America a written report under oath setting forth in detail the manner and form in which DTS has

complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon DTS; and

M.    That the Court award all other appropriate relief.

JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Scholarship America respectfully demands a jury trial on all issues so triable.

Dated: December 17, 2025                    FAEGRE DRINKER BIDDLE & REATH, LLP

/s/ David F. Gomez
David F. Gomez (#0401234)
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: 612-766-7000
Facsimile: 612-766-1600
david.gomez@faegredrinker.com

Attorney for Plaintiff Scholarship America, Inc.